**Randall S. KEAN, Plaintiff–Appellant,**

v.

**Gordon R. ENGLAND, Secretary of the United States Navy, Defendant–Appellee.**

**No. 05–35069.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Oct. 3, 2006.

Randy W. Loun, Esq., Loun & Tyner, Bremerton, WA, for Plaintiff–Appellant.

Marion J. Mittet, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, KLEINFELD and BEA, Circuit Judges.

### MEMORANDUM *

Randall Kean appeals the district court's order dismissing his complaint alleging that his employer, the Puget Sound Naval Shipyard, discriminated and retaliated against him in violation of the Rehabilitation Act and the Family Medical Leave Act. In his complaint he asserts claims on the basis of both his own disabilities and those of his father.

Kean did not exhaust his administrative remedies under the Rehabilitation Act for claims based on his own disabilities. *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir.2003). The district court therefore properly dismissed those claims on that ground. *See* 29 U.S.C. § 794. Kean did pursue administrative remedies for claims based on his father's disabilities, but the Rehabilitation Act does not recognize claims for discrimination and failure to accommodate disabilities of relatives, rather than disabilities of the employee. *See* 29 U.S.C. § 794. For similar reasons, Kean has asserted no valid claims for retaliation under the Rehabilitation Act.

The district court properly ruled that the Family Medical Leave Act under these circumstances did not apply to the federal government. *See Russell v. United States Dept. of Army*, 191 F.3d 1016, 1018–19 (9th Cir.1999). Sovereign immunity has not been waived.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.